# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ARNETT, | CASE NO. 1:06-00324-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| MARC AMENT, et al., | (Doc. 1) |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  Plaintiff originally filed this action in March 2006.  Pending before the Court is plaintiff's amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

C.   Plaintiff's Claims

1.   Claim One

Plaintiff is a federal prisoner who was housed at the Fresno County Jail when he filed this action. In his first claim for relief, plaintiff names Chief Assistant Federal Public Defender Marc Ament as the defendant. He alleges that defendant Ament wrongfully deprived plaintiff of his Fifth and Sixth Amendment rights to assistance of the Federal Defenders Office which deprived him of the ability to adequately and effectively prepare a defense for the retrial of his conviction.

Plaintiff's allegations fail to state a claim upon which relief can be granted. Initially, plaintiff is advised that federal public defenders are not acting under the color of federal law for purposes of a Bivens action and the action must be dismissed. *See* Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th

Cir. 1982).

In addition, pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "...[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable." Id.

A judgment in favor of plaintiff on his claim that defendant violated his constitutional rights by interfering with the preparation of his defense in his criminal case would necessarily imply the invalidity of his conviction. Id. Accordingly, this claim is not cognizable until plaintiff invalidates his conviction. Id.

2.  Claim Two

Plaintiff also complains that after his unsuccessful appeal and remand for a retrial in his criminal case, he was removed from the United States Penitentiary at Victorville, California and transported and held in the Fresno County Jail pending further proceedings. Among other things, plaintiff complains that phone calls and commissary items are more expensive at the Fresno County Jail; the quality of the dental and medical care is lower; library access is more limited; meals are of poorer quality; and his access to outdoor exercise is more restricted.

Plaintiff's allegations regarding the conditions at the Fresno County Jail as compared to a Federal Detention Center also fail to raise constitutional concerns. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Prisoners have no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976).

Moreover, the conditions to which plaintiff complains at the Fresno County Jail are not by themselves violative of the Eighth Amendment. To constitute cruel and unusual punishment in

violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted). Plaintiff's description of the conditions at the Fresno County Jail, even if less favorable than in a Federal Detention Center, do not rise to the level of "extreme deprivations."

Accordingly, absent a motive that implicates constitutional concerns, plaintiff's transfer to a less favorable facility does not give rise to any claim for relief. Vignolo at 1077-78 (inmate's alleged removal from his prison job in retaliation for the exercise of constitutionally protected activity may state a claim for relief). Plaintiff has alleged no facts that indicate that a motive that would implicate constitutional concerns was behind the transfer. Accordingly, plaintiff's allegations fail to give rise to any constitutional claims.

## C. Conclusion

Plaintiff's complaint does not state any cognizable claims for relief. With respect to Claim Two, the Court will provide plaintiff the opportunity to amend his complaint to cure the deficiencies described in this order. Plaintiff is cautioned that his amended complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once

plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a <u>Bivens</u> complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint that complies with the directives in this order; and
4. If plaintiff fails to file an amended complaint within thirty days, this action will be dismissed.

IT IS SO ORDERED.

Dated:   **September 28, 2007**                         **/s/ Dennis L. Beck**
                                                                           UNITED STATES MAGISTRATE JUDGE